UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DASHONE MARCEL REYNOLDS                           CIVIL ACTION

VERSUS                                            NO. 21-1614

DISTRICT ATTORNEY OFFICE,                         SECTION "E" (2)
JASON WILLIAMS

<u>REPORT AND RECOMMENDATION</u>

Plaintiff Dashone Marcel Reynolds filed this prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 4), which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2).  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.    <u>BACKGROUND</u>

Reynolds is a pretrial detainee housed in the Orleans Justice Center in New Orleans, Louisiana.  ECF No. 4-1, ¶III(A), at 3.  He filed this *pro se* and *in forma pauperis* § 1983 complaint against the Orleans Parish District Attorney's Office and Orleans Parish District Attorney Jason Williams.  ECF No. 4, at 1; *Id*., ¶I(B), at 2.

A.    <u>Factual Allegations in the Complaints</u>

Broadly construing his complaint, Reynolds alleges that the defendants violated his rights by filing an indictment against him.  *Id*., ¶IV, at 2; ECF No. 4-1, ¶IV, at 4-5.  Reynolds claims that New Orleans Police Department Investigator Nicklas Davis made clear at the preliminary hearing held on May 13, 2021, that there was no forensic or physical evidence to connect Reynolds with

the crimes charged. *Id*. As relief, Reynolds requests that the court look into his claims to protect his civil rights. *Id*, ¶V, at 5.

## II.    LEGAL STANDARDS

### A.    Statutorily Required Screening

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[1] A claim is frivolous if it "lacks an arguable basis in law or fact."[2] A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[3] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible . . . ."[4] A court may not dismiss a claim simply because the facts are "unlikely."[5]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[6] The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[7] The Fifth Circuit has summarized the standard for Rule 12(b)(6):

---

[1] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin v. Scott*, 156 F. 3d 578, 579-80 (5th Cir. 1998).

[2] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[3] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

[4] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

[5] *Id*.

[6] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[7] *Walch v. Adjutant Gen.'s Dept.*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[8]

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[9] Thus, the court should assume the veracity of all well-pleaded allegations and view them in the light most favorable to the plaintiff and then determine whether they plausibly give rise to an entitlement to relief.'"[10]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. PROC. 12(b)(6), *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[11] If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and §1915(e).[12] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[13]

---

[8] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and quoting *Twombly*, 550 U.S. at 544).

[9] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Ofc.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).

[10] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

[11] *Moore*, 976 F. 2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).

[12] *Id.*

[13] *Id.*

3

### B.    <u>Required Elements of a § 1983 Claim</u>

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[14]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[15]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1)    deprivation of a right secured by the U.S. Constitution or federal law;
(2)    that occurred under color of state law; and
(3)    was caused by a state actor.[16]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[17] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[18]  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[19]

---

[14] 42 U.S.C. § 1983.

[15] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).

[16] *Victoria W. v. Larpenter*, 369 F. 3d 475, 482 (5th Cir. 2004) (citation omitted).

[17] *Harrington v. Harris*, 118 F. 3d 359, 365 (5th Cir. 1997) (citation omitted).

[18] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

[19] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F. 2d 329, 333 (5th Cir. 1984).

4

### III.    ANALYSIS

#### A.    The Orleans Parish District Attorney's Office is not a Person

Reynolds names District Attorney's Office, Jason Williams as the defendant in the caption of his complaint, but identifies Jason Williams as the Defendant in the body of the Complaint.  *See* ECF No. 4, at 1; § III(B), at 4.  To be liable under § 1983, a defendant must be a person with authority to act "by virtue of state law," *i.e.* be a state actor.[20]  A district attorney's office is not an entity that can be sued under Louisiana law, nor is it a person capable of being sued under § 1983.[21] To the extent Reynolds seeks to assert claims against the Orleans Parish District Attorney's Office, those claims should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A as frivolous and for failure to state a claim for which relief can be granted.

#### B.    Claims Against District Attorney Williams

Reynolds also appears to name Jason Williams, Orleans Parish District Attorney, as a defendant.  The only relief sought by Reynolds is for this court to look into his state criminal proceedings for possible violations of his civil rights.  However, as will be discussed, this federal court cannot interfere in Reynolds' ongoing state criminal proceeding.

In addition, if Reynolds intended to request monetary relief, the district attorney enjoys absolute immunity from suit for monetary damages under § 1983 related to his role and actions as a prosecutor.[22]  "A prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those

---

[20] *West*, 487 U.S. at 49 (quoting *Classic*, 313 U.S. at 326).

[21] *Burge v. Parish of St. Tammany*, No. 91-2321, 1997 WL 10243, at *8 (E.D. La. 1997); *see Collins v. Drake*, No. 07-8220, 2009 WL 653053, at *5 (E.D. La. Jan. 30, 2009) ("Louisiana law does not recognize a district attorney's office as a juridical entity, although a claim may be brought against a district attorney in his official capacity."), *report and recommendation adopted as modified on other grounds by* 2009 WL 653047, at 1 (E.D. La. Mar. 12, 2009).

[22] *See Imbler v. Pachtman*, 424 U.S. 409 (1976); *Beard v. Wolf*, No. 13-4772, 2014 WL 3687236 at *2-3 (E.D. La. Jul. 22, 2014).

'intimately associated with the judicial phase of the criminal process.'"[23]  Reynolds thus cannot seek monetary relief from District Attorney Williams.

In *Younger v. Harris*, 401 U.S. 37, 40-41 (1971), the Supreme Court explained that federal courts are prohibited from intervening in ongoing state criminal proceedings.[24]  A federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and immediate."[25]  Where a petitioner's state criminal charges are still pending, the Federal Anti-Injunction Act, 28 U.S.C. § 2283, likewise prohibits this court from enjoining state criminal proceedings, except where expressly authorized by Congress or where necessary in aid of this court's jurisdiction.  Neither of the exceptions to the Anti-Injunction Act apply to Reynolds' § 1983 case.[26]

Under *Younger*, a federal court must abstain when "'(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'"[27]  For the reasons set forth herein, Reynolds' § 1983 complaint does not present any reason for this court to intervene in his ongoing criminal proceeding.

Under the first *Younger* factor, Reynolds alleges that his state criminal proceedings stemming from his March 26, 2021, arrest and related indictment are still pending before the

---

[23] *Esteves v. Brock*, 106 F. 3d 674, 676 (5th Cir. 1997) (quoting *Imbler*, 424 U.S. at 430-31); *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009).
[24] *Ballard v. Wilson*, 856 F. 2d 1568, 1569-70 (5th Cir. 1988); *Price v. Porter*, 351 F. App'x 925, 927 (5th Cir. 2009).
[25] *Younger*, 401 U.S. at 46.
[26] *See id.* at 41 & 53-54; *see also Walck v. Edmondson*, 472 F.3d 1227 (10th Cir. 2007); *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999).
[27] *Walck*, 472 F.3d at 1233 (quoting *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Orleans Parish Criminal District Court.[28]  This factor favors abstention.

As for the second factor, the State of Louisiana most certainly has available means for review of any pretrial rulings of the state trial court, including the probable cause findings supporting Reynolds' arrest and prosecution.[29]  The State of Louisiana has an available process for pretrial review of Reynolds' constitutional challenges to the propriety of his arrest, detention, and prosecution.  He may also preserve these challenges for appeal after trial, should he be convicted in the pending case.  This factor also favors abstention.

Finally, under the third *Younger* factor, the criminal proceedings against Reynolds clearly involve matters of state criminal law and state interests in correcting criminal wrongs occurring within its borders. The State will rely on its own statutory provisions to prosecute and prove the charges against Reynolds. This factor also favors abstention.

In sum, each of the *Younger* considerations favor abstention at this time.  Reynolds has shown no basis for this court to interfere with the ongoing state criminal proceedings.  Furthermore, comity justifies a federal court's abstention from adjudicating affirmative defenses to state criminal charges prior to the state courts' entry of a final judgment of conviction.[30]  While "extraordinary circumstances" may justify intervention for speedy trial or double jeopardy grounds, neither of which is alleged by Reynolds, there is no reason to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal

---

[28]  My staff has confirmed that Reynolds' multiple charges stemming from his March 26, 2021, arrest and his June 17, 2021, indictment, remain pending in Orleans Parish Criminal Court Case No. 552170.  *See* Charges and Docket Master, Case No. 552170, at https://www.opso.us/index.php?option=com_wrapper&view=wrapper&Itemid=738.

[29]  *See* LA. SUP. CT. RULE X, §§ 1-8; *see also*, LA. APP. RULE 4.

[30]  *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981); *see also Calihan v. Superior Ct.*, 158 F. App'x 807, 2005 WL 3397360, at *1 (9th Cir. Dec. 12, 2005) (finding principles of comity and federalism require the federal courts to abstain from addressing speedy trial challenges which do not fall into one of these exceptions).

court."[31]  In Reynolds' case, his substantive challenges to his pending criminal charges "may be remedied by [a] decision on the merits [by the state courts,] so that the right is not irreparably lost if review is postponed until final judgment is rendered on the merits."[32]

For these reasons, Reynolds' has failed to state a non-frivolous claims against District Attorney Williams.  Reynolds is not entitled to seek monetary relief against the immune district attorney, and he has failed to establish any exception to the *Younger* abstention doctrine warranting interference with his on-going criminal proceeding.  Reynolds' claims against District Attorney Williams should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A as frivolous and otherwise for failure to state a claim for which relief may be granted.

## IV.    <u>RECOMMENDATION</u>

It is therefore **RECOMMENDED** that plaintiff Dashone Marcel Williams's 42 U.S.C. § 1983 claims against defendants Orleans Parish District Attorney's Office and/or Orleans Parish District Attorney Jason Williams be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous and otherwise for failure to state a claim for which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[31] *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 & 493 (1973) (speedy trial case).
[32] *Atkins*, 644 F.2d at 546.

8

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[33]

New Orleans, Louisiana, this ____18th____ day of January, 2022.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[33] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.